PER CURIAM.
This is an appeal from a judgment entered in favor of plaintiffs pursuant to a jury verdict in a personal injury suit arising out of a so-called slip and fall accident.
The incident giving rise to this action occurred at Jacksonville Beach,. Florida, several days following the height of a hurricane. At the time of the accident, it was “misty” and had been raining for the preceding day or two during the storm. The scene of the fall was the vestibule-like entrance to a hardware store where the appellant, Mrs. Holland, had gone to make some purchases of supplies needed because of the hurricane.
In their complaint, plaintiffs alleged that the defendants had permitted an accumulation of some foreign substance to build up on the vestibule so that it became hazardous and slippery and further alleged that the defendants were negligent by permitting an accumulation of a foreign substance at such entrance way. Appellants’ principal assault on the judgment appealed is that there was no competent probative evidence that the plaintiff slipped on a foreign substance; and, secondly, there was no evidence of notice or knowledge on the part of the defendant that any foreign substance was present.
In support of their grounds for reversal, appellants cite a series of cases holding that the right to recover in a slip and fall case requires more than a showing simply that the surface upon which the injured fell was slick, smooth or wet. Exemplary of this line of cases is Bucholtz v. City of Jacksonville, 72 So.2d 52, 53 (Fla.1954). We agree with this proposition advanced by appellants insofar as it goes. However, the contention of the plaintiffs goes beyond a showing of the mere slick, smooth or wet condition of the vestibule floor on which she fell. Rather, plaintiffs’ case rests on both the presence of a foreign substance at the site of the fall and the accumulation of such foreign substance which was permitted to occur by the defendants. Illustrative of the evidence given which could reasonably form the basis of the jury’s finding of guilt was the testimony of the defendant’s son who was working in the store at the time of the fall late on the day in question. He testified that on the day in question nothing had been done to remove from the entrance foyer any of the “slush, or debris, or sediment” which had accumulated as a result of the patrons walking in the store all day. This admission was made after he had testified that such foreign substance had been tracked in all day.
We have examined the record and find testimony which if believed by the jury, as it apparently was, sustains the finding that there was present at the scene and time of the fall a foreign substance on which plaintiff fell and, further, that the presence of such foreign substance was known or should have been known to the defendants. While there were conflicts in the evidence as to these factors, the resolution of such conflicts was within the jury’s province.
We have further considered the other questions urged by appellants for reversal and find that they do not constitute reversible error.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS and SPECTOR, JJ., concur.