HENDRY, Judge.
Appellant-defendant Americana of Bal Harbour, Inc., the owner of the premises, seeks review of a final judgment for appel-lee-plaintiff Mary Kiester rendered in her personal injury action. We find no reversible error and affirm.
Appellant contends that the court erred in refusing to direct a verdict in its favor where appellee failed to prove that a foreign substance had been placed on the stairway by appellant’s employee or that ap-. pellant had received notice thereof or that it inadequately inspected the steps. Appellant also contends the court erred in denying its motion for new trial where appellee used a “golden rule” argument in closing, even in the absence of an objection.
Plaintiff was employed by a beauty salon on the lower level of the Americana Hotel on Miami Beach. She alleged negligence in maintaining a wet, slippery exterior stairway of the hotel. She also alleged a failure to adequately inspect the stairs.
About noon on December 26, 1967, Mrs. Kiester, wearing nurse’s oxfords with rubber soles, ascended the outside staircase leading to the street level. Fifteen minutes later she returned, using the same route. She testified that she started to descend the staircase that bright, sunny day. She held onto the handrail, but only reached the third or fourth step, when she slipped and fell, causing her to fracture her tibia and fibula, which aggravated pre-existing arthritis. She noticed the wet spot only after the fall, when she put her hand on the step upon which she had slipped, thereby wetting the cuff of her sweater, and noted a quantity of liquid, either water, milk, or coke. Mrs. Kiester was not aware of other matter on the steps at the time of the accident.
The stairway in question is an outside staircase of white terrazzo flanked by foliage. It is a main passage from street level to the lower level of the hotel, and is well traveled. It accumulates various debris, requiring cleanings and inspections.
Testimony conflicted as to whether the stairs had been wet in the past and on that day. Plaintiff’s witnesses testified that the steps were mopped, hosed, and squeegeed, that spilled liquids had been on the stairs, and that rain or dew had been present many mornings. Plaintiff’s witnesses also indicated that the shrubs next to the steps were watered every morning. One of defendant’s witnesses, a maintenance worker, testified that he cleaned the stairs every morning, but had not used water on the steps that day or for three days before the holiday. Several of defendant’s witnesses testified that shortly after the accident they all inspected the stairs and found no wet spots.
Testimony conflicted as to other matters. Plaintiff argues that the stairs on that day were cleaned only once in the afternoon, and that only one or two inspections were made before the accident during this holiday period when many more persons used the stairs. Plaintiff notes that the usual hotel practice was to conduct four inspections per day for non-holiday periods. She also urges that there was evidence of negligence in dealing with the foliage flanking and perhaps hanging over the steps. Appellant takes the position that the stairs were reasonably maintained and adequately inspected.
Appellant relies on such cases as Food Fair Stores, Inc. v. Trusell, Fla.1961, 131 *123 So.2d 730, and appellee relies upon such cases as First Federal Savings & Loan Ass’n. of Miami v. Wylie, Fla. 1950, 46 So. 2d 396.
Under Florida law, Mrs. Kiester was a business invitee, and the defendant owed her the duty of exercising reasonable care in maintaining the premises in a reasonably safe condition. The fortunate circumstance that she did not fall the first time she ascended the terrazzo stairs is not legally conclusive that she should have discovered the floor’s dangerous condition or that the foreign liquid was not then present. See Ladenson v. Eder, Fla.1967, 195 So.2d 211, 213-214. We have examined the testimony and pleadings as amended. We find testimony which, if believed by the jury, as apparently it was, sustains the findings that there was present at the scene and time of the fall a foreign substance on which plaintiff fell, that the presence of such foreign substance was known or should have been known to the defendants, and that the stairway was negligently maintained and inspected. While there were conflicts in the evidence as to these factors, the resolution of such conflicts was within the jury’s province. See Williams v. Holland, Fla.App. 1968, 205 So. 2d 682, 683; Barker v. Silverforb, 201 S.W. 2d 408 (Mo.App.1947); see generally, Annotation, 58 A.L.R.2d 1178 (1958).
Appellant’s second point on appeal is that the trial court erred in denying defendant’s motion for new trial where plaintiff’s closing argument contained a golden rule argument, even in the absence of an objection thereto by defendant. The appel-lee replies that the statement was fleeting and ambiguous, so that no prejudice resulted, and that any curative statement would have only called attention to a possible minor departure from the bounds of permissible argument. The final words of plaintiff’s closing argument, referring to plaintiff’s future pain and suffering, were as follows:
“Treat it like you would treat your own husband or wife or son.”
No objection was made by the defendant, and the trial judge made no curative instruction.
We recognize the principles stated in Bullock v. Branch, Fla.App.1961, 130 So.2d 74. We have examined other Florida cases dealing with this problem, and find that the statements therein are so much more patent, flagrant, and prejudicial so to be qualitatively different from the instant case. We have studied the entire closing argument and cannot say that these remarks were such as to require or justify reversal.
For the reasons stated, the rulings and judgment are affirmed.
Affirmed.