251 So.2d 563 (1971)
Charity L. HESTER, Appellant,
v.
Charles S. GUARINO, Appellee.
No. 70-626.
District Court of Appeal of Florida, Third District.
August 17, 1971.
Rehearing Denied September 9, 1971.
Grover, Ciment, Weinstein & Stauber, Miami Beach, for appellant.
Adams, George & Wood and David L. Willing, Miami, for appellee.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
The appellant-plaintiff Hester ("Tenant") seeks review of a final judgment entered in favor of appellee-defendant Guarino ("Landlord") pursuant to a directed verdict at the close of all the evidence in a jury trial of a slip-and-fall case. The negligence alleged was in the operation or maintenance of a walkway used by the tenant, in front of the back entrance of her apartment.
Appellant had been a tenant, for about a month, in an apartment building owned by appellee-landlord. She allegedly slipped and fell in a twelve inch long, four to six inch deep, and four inch wide hole at 12:30 A.M., April 19, 1967. The hole was in the grassy, lawn area near the rear entrance of her apartment. She had just returned from working as a waitress.
The landlord had instructed her to use the parking area and rear entrance in question to reach her apartment, due to parking problems at the side entrance.
Defendant had personally mowed this lawn, where the accident occurred, about two weeks before the accident. The hole *564 was grassy, and the grass in the hole grew to the level of the grass of the lawn. The tenant's employer testified that he looked for and found the hole the following morning. Her doctor also testified that she had told him that she fell in a hole. The physician, however, traversed the area about twelve hours after the accident but did not find the hole. This tenant regularly and frequently walked over this area prior to the accident.
The tenant generally contends for reversal that the trial court erred in directing a verdict in favor of the landlord, where the plaintiff tenant was caused to fall by a hole in area used by the tenant to enter the apartment, which area was maintained by the landlord, and where there was evidence that the hole had existed for sufficient time to allow grass to grow from such hole to the level of the remaining area. The landlord, however, contends that he is not liable for an accident allegedly caused by a defect in his premises where there is no evidence as to the cause of the defect or how long such defect existed before the accident.
The landlord is under an affirmative obligation to exercise reasonable care to inspect and repair approaches and common passages for the protection of tenants. However, the "* * * obligation is one of reasonable care only, and the lessor is not liable where no injury to anyone was reasonably to be anticipated, or the condition was not discoverable by reasonable inspection, or it was created by the tenant or another, unless it is shown to have been of such duration as to permit the conclusion that due care would have discovered it." Prosser, Torts § 63, p. 419 (3rd ed. 1964).
We express the view that when considered in the light most favorable to appellant, and the inferences reasonably to be drawn therefrom, the evidence is sufficient to present a jury question as to the negligence of the landlord. Specifically, the hole was about a foot long, four to six inches deep and four inches wide. Grass does not grow in and around such a hole overnight, nor over a brief period of time. The inference may also be drawn that when the defendant mowed or trimmed the grass, in the exercise of ordinary care he could and should have discovered the depression.
Goldman v. Kossove, 253 N.C. 370, 117 S.E.2d 35 (1960) concerned the slip and fall of a business invitee in a grassy hole at an entranceway. There, the owner of the premises was held not liable, over a cogent dissent by Justice Moore. We note that the evidence in the instant case is stronger than in the North Carolina case. See also Americana of Bal Harbour, Inc. v. Kiester, Fla.App. 1971, 245 So.2d 121, which was released after the judgment herein appealed was entered. In that case this court affirmed the judgment entered for the plaintiff, a business invitee, who slipped and fell on a liquid on an outside terrazzo stairway.
For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.