299 So.2d 165 (1974)
DECKS, INC., Appellant,
v.
Louis NUNEZ, Jr., and Alice Nunez, His Wife, Appellees.
No. 73-941.
District Court of Appeal of Florida, Second District.
July 24, 1974.
Rehearing Denied September 4, 1974.
*166 Edward M. Waller, Jr., of Fowler, White, Gillen, Kinney, Boggs & Villareal, Tampa, for appellant.
Robert Orseck of Podhurst, Orseck & Parks, Miami, and Wagner, Cunningham, Vaughan, Hapner & May, Tampa, for appellees.
BOARDMAN, Judge.
Appellant/defendant timely appealed from an adverse jury verdict returned in an action for damages resulting from an automobile accident. The focal point of this appeal is whether the attorney for appellee/plaintiff committed reversible error in his final closing argument to the jury. The complained of remark and reference is:
Now, if he wants to take the $100,000  he [Defendants' counsel] says, "He will still have the $100,000." Well, first of all, he [Plaintiff] has to pay some bills. He has been paying his mother $20. He has to pay $15,000 in medical bills in the future, and we are not here representing him for nothing. (Emphasis supplied.)
This constitutes error and is not permissible. We cannot agree with the appellee's contention that the statement was justified on the basis of the following statement made by attorney for appellee during his closing argument:
Consider this. Consider that $100,000 in the bank right now. Mr. Vaughan [Plaintiffs' counsel] said, I think, the interest on the mortgage is 10%. Some banks are giving you certificates of deposit of 8 and 9 and 9 1/2 and up to 10 in some banks. A 10% or 9% or 8% certificate of deposit on $100,000 is $8,000 a year without spending a dime of the $100,000. After 40 years or after 50 years or after 60 years that $100,000 will still be there. It has not put a dent in it yet and you know what else? If the interest rate goes up, that $100,000 is going to be producing more than $8,000 a year, and your $100,000 will still be there.
Clearly, attorney fees are not a compensable item of damages in cases like the one sub judice. Attorney for appellant objected to the statement under attack after closing arguments and requested an instruction on non-collectibility of attorney fees. The request was denied. What we must decide, as indeed we must in every case where objections are made to statements, comments or remarks of attorneys in their closing arguments to a jury, is whether the improper remarks constitute reversible or harmless error.
Based upon our review of the record, including the closing arguments and instructions given to the jury by the trial judge, and applicable law, we conclude the error to be harmless. See F.S. § 59.041. We can eliminate from our discussion here, the question of liability and damages. The personal injuries sustained by appellee as a result of the accident were severe and permanent, the amount of the damages awarded substantial. The evidence submitted at trial is of sufficient competency to justify the verdict of the jury. The trial judge properly and correctly instructed the jury on the compensable items of damages recoverable in an action of this nature and upon the applicable law. The trial judge also instructed the jury that it must base its verdict solely on the evidence heard from the witness stand and that argument of counsel is not to be considered as evidence. We can find no justifiable grounds to impugn the jury verdict or to conclude that the jury did not base its verdict on the evidence adduced at trial. The law is well settled that unless *167 closing argument is highly prejudicial, inflammatory improper statements will not result in mistrial, reversal or new trial. Dixie-Bell Oil Company, Inc. v. Gold, Fla. App.3d, 1973, 275 So.2d 19, and the cases cited therein: Americana of Bal Harbour, Inc. v. Kiester, Fla.App.3d, 1971, 245 So.2d 121, cert. den. Fla., 247 So.2d 439.
We have considered the other points raised by appellant and find them to be without merit. Accordingly, the judgment of the trial court is hereby affirmed.
HOBSON, A.C.J., and GRIMES, J., concur.
ON PETITION FOR REHEARING AND ALTERNATIVE SUGGESTION FOR CERTIFICATION OF QUESTION OF GREAT PUBLIC INTEREST TO THE SUPREME COURT
BOARDMAN, Judge.
Appellant's counsel, in his petition for rehearing, cites therein the case of Seaboard Air Line R. Co. v. Ford, Fla. 1957, 92 So.2d 160, as authority for the proposition that our original opinion was in error.
We have read the cited case and find it clearly inapplicable here. In the Seaboard case, supra, there was not one scintilla of evidence that Ford's injury was permanent in nature. Notwithstanding, the trial court allowed the mortality tables to be introduced in evidence in the plaintiff's case; and, further, the trial judge charged the jury that the mortality tables could be considered in arriving at plaintiff's damages for impairment of his earning capacity.
In the case sub judice, the trial court, as we stated in our original opinion, instructed the jury on the proper elements of damages to be considered by them in arriving at their verdict.
After considering the allegations contained in appellant's petition for rehearing and in the light of the totality of the circumstances presented by the record before us, we adhere to our original opinion. Accordingly, the petition for rehearing is denied. The alternative suggestion for certification of question of great public interest to the Supreme Court of Florida is also denied.
Denied.
HOBSON, A.C.J., and GRIMES, J., concur.