CULPEPPER, Judge.
This is a suit to contest an election. The case was previously before us, 348 So.2d 760 (La.App.3rd Cir. 1977). The district judge had sustained defendants’ exception of no cause of action on the basis that plaintiff’s petition failed to state with sufficient particularity allegations of fraud and irregularities. We reversed, holding that some of the allegations as to fraud and irregularities were sufficient to state a cause of action. We remanded the case for trial.
After remand, the case was tried on the merits on September 23, 1977. The issues tried were: (1) Whether plaintiff proved that voting commissioner Thomas Reed entered a voting machine, without the request of the voter, Mrs. Jimmy B. Fontenot, and changed her vote on the machine from Valcour Fontenot to Larry Vidrine without the voter’s consent, as alleged in paragraph 10(1) of plaintiff’s petition? (2) Whether two voters, Gerald Morein and R. P. Landry, were improperly directed by commissioners to enter the wrong voting machine and thus were deprived of their right to vote for plaintiff, all as alleged in paragraph 10(2) of plaintiff’s petition?
As to the first issue, Mrs. Jimmy B. Fon-tenot testified she could not read or write, but her husband had marked the voting keys with white chalk indicating the candidates for whom she wished to vote. She stated she entered the machine and pulled the keys which had been marked by her husband, one of which keys she understood was for Valcour Fontenot. She then testified that after she had pulled the keys, Mr. Tom Reed, one of the commissioners, entered the voting machine without her request and proceeded to pull up the keys which she had voted and told her to leave.
Mr. Tom Reed, the commissioner in question, contradicted Mrs. Fontenot’s testimony. He stated Mrs. Fontenot requested assistance and that he went into the machine ahead of her and pointed out the keys for the various candidates and that she actually turned the levers, picking the candidates she desired. He denied touching the keys. Reed testified that after Mrs. Fontenot voted, he opened the curtain and recorded the vote by turning the red lever. He stated that he thought Mrs. Fontenot cast her vote for the plaintiff, Valcour Fontenot, but he was not sure. Another commissioner, Mr. Noah Fontenot, corroborated most of Reed’s testimony.
In his written reasons, the trial judge stated that he found the testimony of Mr. Reed, as corroborated by the other commissioner, was more credible than that of Mrs. Fontenot. Thus, the trial judge found plaintiff had failed to prove any fraud or irregularities as to the vote by Mrs. Fonten-ot.
As to the issue regarding Mr. Morein and Mr. Landry being improperly directed by commissioners to the wrong voting machine, Mr. Morein testified that after he had entered the voting machine and closed the curtain he noted that the machine contained no candidates for district “C” aider-man. He stated that he opened a “crack” in the curtain and told the commissioners that he was in the wrong machine, whereupon they advised that he was in the right machine and to go ahead and cast his ballot, which he did.
Mr. Landry stated that after he entered the voting machine he realized there were no levers for alderman in District “C”, but he nevertheless voted and opened the curtain and left the machine and then complained to the commissioners.
Mr. Hillary Vizinat, the commissioner who was alleged to have directed Mr. Mor-ein to the wrong machine, denied that he had directed anyone to any particular machine to vote. Vizinat did state that Mr. Morein complained to him after he had voted and left the machine, but there was nothing Vizinat could do after the vote was recorded.
*1073 Mr. George Martin, the commissioner who was alleged to have directed Mr. R. P. Landry to the wrong machine, testified that it was not until after Mr. Landry had voted and left the machine that he complained. Martin denied that he had directed Landry to any machine.
In his written reasons, the district judge held plaintiff had failed to prove that either Mr. Morein or Mr. Landry were fraudulently or improperly directed to the wrong machine by any of the commissioners.
The issues regarding the alleged fraud and irregularities as to the three voters in question are factual. There was conflicting testimony. The trial judge found the testimony of the commissioners to be more credible. Based on the district judge’s reasonable evaluation of credibility, there is clearly sufficient evidence to support his finding of fact.
When this case was previously before us, we found that plaintiff had stated a cause of action as to the fraud and irregularities discussed above, so we did not reach the allegations of plaintiff’s petition in paragraph 10(3), (4) and (5), which are quoted in our previous opinion. Subparagraph (3) alleges that four named voters lived outside District C but nevertheless voted. Subpar-agraph (4) alleges that fraud and irregularities were committed during the absentee voting, but no specific irregularities are alleged. Subparagraph (5) alleges that other irregularities would be proved at trial, but these are not specifically alleged.
After the case was remanded, the district judge refused to allow plaintiff to introduce evidence regarding the allegations in paragraph 10(3), (4) and (5). On this appeal, plaintiff contends this was error, and he re-urges these grounds.
As to subparagraph (3), our statutory law provides the procedure for attacking the improper registration of voters prior to the election and provides for challenge at the polls by a commissioner or any other person who may contend a voter is not properly registered. LSA-R.S. 18:245 and 18:352. Jurisprudence construing these statutes holds that voters who have not properly registered and qualified to vote must be formally challenged either before or at the time they offer to vote. In the absence of a formal challenge according to the statutory procedure, the qualification of a voter cannot be collaterally attacked in an election contest after the election has been completed. Timberlake v. Lindsey, 140 So.2d 406 (La.App.3rd Cir. 1962); Perez v. Cognevich, 156 La. 331, 100 So. 444 (S.Ct.1924).
During oral argument, we requested that counsel for plaintiff and defendant submit supplemental briefs on the issue of whether this case is now moot on the basis that Vidrine has now received his commission and taken the oath of office as city councilman. In plaintiff’s supplemental brief, he correctly points out that the record before us does not show whether Larry Vidrine has received his commission or taken the oath of office. Therefore, we cannot decide on the basis of this record, whether the case is moot. Since we affirm the judgment appealed on the merits, the result is the same regardless of whether the case is moot.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
WATSON, J., concurs in the result and assigns brief written reasons.