WATKINS, Judge.
This is an action for property damage resulting from a collision between a station wagon owned and driven by James T. Jenkins, defendant, and a pickup truck owned by Fred B. Weimer, plaintiff, and driven by Brad Weimer, his major son. Defendant reconvened for damage to the station wagon. The trial court rendered judgment for plaintiff in the amount of $1,267.97, which was the amount counsel for the respective parties had stipulated should be awarded if Jenkins were found to be at fault. Defendant’s reconventional demand was dismissed with prejudice. Defendant has appealed. We affirm.
There were no personal injuries sustained as a result of the accident, the damage being confined to the two vehicles involved in the collision.
The matter turns largely upon the credibility of witnesses. The testimony of Brad Weimer, driver of the pickup truck, is not contradicted by Jenkins’ testimony, Jenkins having testified he did not know how the accident took place, but Brad Weimer’s testimony is directly contradicted by that of Charles Kegler, a hitchhiker standing on the right side of the road. According to the testimony of Brad Weimer, whose testimony the trial court obviously believed to be the more credible, he and Jenkins both stopped at a traffic signal on Perkins Road in Baton Rouge, at the intersection with College Drive. Both vehicles were facing in an easterly direction, Weimer being in the right lane and Jenkins in the left lane of a four-lane road. Both vehicles pulled out at a moderate rate of acceleration when the light turned green. When Weimer’s pickup truck had reached a speed of 20-25 m. p. h., and Jenkins’ station wagon was parallel to the pickup truck but slightly ahead so that the front and center of the pickup truck were even with the center and back of the station wagon, the station wagon abruptly entered the right lane, apparently so that Jenkins could pick up the hitchhiker, Ke-gler, who was standing on the right side of the road. The front, center, and bed of the pickup truck were damaged, and the center and rear of the station wagon were damaged.
It is clear that if the recited version of the accident is believed, which is Weimer’s version, Jenkins was negligent and Weimer was free of contributory negligence. The trial court believed Weimer. The determinations of the trial judge as to the credibility of witnesses are entitled to great weight, and should not be upset absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Furthermore, we have thoroughly reviewed the transcript of testimony and find Weimer’s version of the accident to be far more credible than that of Kegler, whose testimony is extremely unclear and almost incoherent. We thus uphold the determination of the trial court that Jenkins was negligent and that Weimer was free of contributory negligence.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.