417 So.2d 131 (1982)
Clevie VEULEMAN, Plaintiff-Appellant,
v.
Tommy O'CON, Defendant-Appellee.
No. 82-383.
Court of Appeal of Louisiana, Third Circuit.
July 28, 1982.
*132 Provosty, Sadler & deLaunay, F. Rae Swent, Trimble, Randow, Percy, Smith, Wilson & Foote, Beth Foote, Alexandria, for plaintiff-appellant.
Michael J. Bonnette, Natchitoches, for defendant-appellee.
En Banc.
DOUCET, Judge.
This is an election contest. The plaintiff-appellant, Clevie Veuleman, seeks to have the election which resulted in the victory of the defendant-appellee, Tommy O'Con, set aside. The trial court denied plaintiff's demands and plaintiff now appeals. We affirm.
This suit arises out of an election for mayor of Robeline on June 19, 1982. Prior to that election, there had been an election on April 3, 1982, in which no candidate received a majority. On May 15, 1982, a run off election was held which resulted in a tie. The results of the June 19, 1982 election showed that defendant-appellee, Tommy O'Con received 61 votes and plaintiff-appellee, Clevie Veuleman received 56 votes. Prior to that election, plaintiff presented to the proper authorities certain objections to certain individuals having the right to vote. These objections were overruled by the Natchitoches Parish Board of Supervisors of Elections on June 19, 1982.
On June 28, 1982 plaintiff filed suit seeking to set aside the election. In her petition, plaintiff identified 8 voters whose votes were alleged to be illegal on grounds of non-residency, and further alleged misconduct, fraud and irregularities sufficient to change the result of the election. Defendant answered, alleging plaintiff had waived her right to challenge the contested voters under LSA R.S. 18:1434. Defendant also filed a reconventional demand for damages, *133 attorney fees and costs under LSA R.S. 18:1432. After trial on the merits, the trial court dismissed both the main and reconventional demands for reasons orally stated to be:
(1) Plaintiff, Clevie Veuleman, failed to exercise due diligence in challenging the votes of Early Lee Kirkland, Beatrice Kirkland, Patricia O'Con and Kenneth O'Con and that the decision of the Board of Commissioners concerning the legality of a registration was final.
(2) Edith Marie Brown was a resident of Robeline.
(3) Linda Reliford retained the right to vote under R.S. 18:110A.
(4) Persons residing in nursing homes may vote at the place of their former residence.
(5) Plaintiff failed to allege and prove the nonresidency of Billy Dwayne Bell or any specific fraud or irregularity with reference to his vote.
(6) Plaintiff failed to show a course of fraudulent conduct which would have prevented the electors of Robeline from expressing their will on June 19, 1982.
(7) Plaintiff's action was not frivolous.
Judgment was signed on July 6, 1982 and plaintiff now appeals.[1]
The issues are:
(1) Whether the waiver provision in LSA R.S. 18:1434 is applicable in the instant case.
(2) Whether the contested voters were residents of Robeline.
(3) Whether there existed misconduct, fraud and irregularities sufficient to change the result of the election.
(4) Whether the plaintiff's action contesting the election was filed frivolously.
Louisiana Statutes Annotated R.S. 18:1434 provides as follows:
§ 1434. Waiver of objections to voter qualifications when voter is not challenged at the election
An objection to the qualifications of a voter or to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by a challenge of the voter or objections at the polls to the procedure is deemed waived. Acts 1976, No. 697, § 1, eff. Jan. 1, 1978.
The following provision governing challenges is pertinent to the waiver issue:
§ 196. Challenge of registration upon affidavit of voters
When two registered voters execute in duplicate an affidavit signed and sworn to before the registrar, stating that after reasonable investigation and on their information and belief the person or persons named in the affidavit are illegally registered or have lost the right to remain registered to vote in the precinct, ward, or parish in which registered, and the grounds therefor, the registrar shall within forty-eight hours mail to the registrants named in the affidavit the documents required by R.S. 18:193 or R.S. 18:195, as the case may be, together with a duplicate of the affidavit, and he shall comply with the other procedures of the applicable Section. The affidavit shall be accompanied by at least one item of evidence which tends to substantiate the challenge.
Amended by Acts 1979, No. 229, § 1, eff. July 13, 1979.
This court in Fontenot v. Lee, 359 So.2d 1071 (La.App. 3rd Cir. 1978) held:
As to subparagraph (3), our statutory law provides the procedure for attacking the improper registration of voters prior to the election and provides for challenge at the polls by a commissioner or any other person who may contend a voter is not properly registered. LSA-R.S. 18:245 and 18:352. Jurisprudence construing *134 these statutes holds that voters who have not properly registered and qualified to vote must be formally challenged either before or at the time they offer to vote. In the absence of a formal challenge according to the statutory procedure, the qualification of a voter cannot be collaterally attacked in an election contest after the election has been completed.
Four voters were challenged on the basis of residency by plaintiff on June 4, 1982. The challenges were made by affidavit executed in due form before the registrar of voters for Natchitoches Parish. The registrar disallowed the challenges. The proper procedure was utilized by plaintiff in challenging these four voters prior to the June 19, 1982 election. Therefore, the trial court erred in finding that plaintiff did not exercise due diligence in objecting to these voters named in the petition, namely:
(1) Early Lee Kirkland
(2) Beatrice O'Dell Kirkland
(3) Kenneth Wayne O'Con
(4) Patricia Jordan O'Con
On the merits, however, the record substantiates that Early Lee Kirkland and Beatrice O'Dell Kirkland were residents of Robeline. Both testified that they lived in "the Birdwell house" in Robeline. Although the testimony indicates that the Kirklands were slightly transient in nature, they resided at the Birdwell house the majority of the time and it was the closest to a residence as their nature would allow them to acquire.
The record also supports that Kenneth Wayne O'Con and Patricia Jordan O'Con moved to Robeline on May 15, 1982 and that they were living with Kenneth's parents at the time of registration on May 18, 1982 until their new home became vacant on May 28, 1982, on which date they moved into their own home in Robeline. The O'Cons' testimony as to this fact was corroborated by four other witnesses.
Edith Marie Brown was not challenged by plaintiff concerning her voter qualification until suit was filed. Plaintiff testified that upon examining the list of voters, she assumed the female name with the last name of Brown to be another Brown she knew to be a resident of Robeline. She therefore felt no need to challenge Edith Marie Brown. However, any alleged mistaken identity by plaintiff only illustrates lack of due diligence.
The plaintiff admits in her brief that Linda Reliford was entitled to vote in the June election.
The record reveals that plaintiff challenged nursing home resident David Sowell in the April election and her challenge was disallowed by the registrar of voters. Mr. Sowell voted in the April, May and June elections, but was not challenged in either the May or June election. We pretermit any determination as to the necessity of challenging a voter under the provisions of R.S. 18:111 in each and every election for a single office as we find that the challenged voter here was clearly a qualified voter.
The trial court ruled that the nursing home residents may maintain the right to vote in the precinct in which they formerly resided. The majority rule in other states is that persons in public or charitable institutions do not, by their mere presence therein, lose their right to vote at their former residence. 29 C.J.S. Elections § 23 1965. Louisiana Revised Statutes 18:101, subd. B provides that "if a citizen resides at more than one place in the state with intention to reside there indefinitely, he may register to vote at only one of the places at which he resides." In the instant case, the record reveals that Mr. Sowell maintains a fully furnished residence in Robeline, and thus was clearly entitled to vote in the precinct of that residence.
The vote of Billy DeWayne Bell is challenged on the grounds of opponent's misconduct, to wit: That defendant offered to use his influence as a deputy sheriff to suppress an arrest warrant on said voter in exchange for his patronage. The trial judge found that the plaintiff utterly failed in her burden of proof. That factual finding *135 which hinges upon assessment of witnesses' credibility is subject to the established rule of appellate review that unless manifestly erroneous it will not be disturbed. Canter v. Koehring, 283 So.2d 716 (La.1973). With regard to appellate review of election contests, the Louisiana Supreme Court in Moreau v. Tonry, 339 So.2d 3 (La. 1976) stated:
"If the candidate cannot prove he would have been elected `but for irregularities or fraud', our jurisprudence refers to an alternative: if the court finds the proven frauds and irregularities are of such a serious nature that the voters have been deprived of the free expression of their will, the election will be nullified.
"... For this Court to render such a drastic order, there must be a clear showing that a course of fraudulent conduct was employed which effectually prevented the electors from expressing their will". Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292 (1957)." (emphasis added)
Applying the above principles to the facts herein, we find no manifest error.
There is a question of fraud concerning an affidavit executed by Early Lee Kirkland. Mr. Kirkland testified that he executed an affidavit stating that he was not a resident of Robeline at the time defendant took him to register and did not understand that he had to be a resident of Robeline to vote in the election. However, at trial Mr. Kirkland stated that he had been living in Robeline ever since February, 1982. He testified that he made that false affidavit because of "harrassment" by Mrs. Veuleman; that she scared him by telling him the penalties for sleeping on someone's porch. Mr. Kirkland stated that he later executed a counter affidavit declaring his residency in Robeline and that he did not understand what he was signing when he signed the first affidavit. The trial court chose to believe Mr. Kirkland's explanation and this finding of fact cannot be considered manifestly erroneous.
The record illustrates that the plaintiff was justified in questioning the propriety of certain occurrences. Thus, the trial court's judgment denying defendant damages and attorneys fees for a frivolously filed election suit was well founded.
For the reasons assigned, the judgment of the trial court is affirmed, with all costs assessed against the plaintiff-appellant.
AFFIRMED.

JUDGMENT
For the reasons to follow, judgment of the trial court is affirmed, with all costs assessed against the plaintiff-appellant.
NOTES
[1] The motion for appeal was signed on July 6, 1982, with the return date of July 21, 1982. LSA R.S. 18:1409(D) states that the return date shall not exceed 5 days after rendition of judgment. Counsel for both parties agreed to waive the 5 day period set forth in LSA R.S. 18:1409 and agreed to the 15 day period, acknowleding that the lengthy trial court record could not be transcribed and sent to the court of appeal within 5 days.