WATKINS, Judge.
This is an action brought by Alice Cooper for personal injuries sustained by her when a car driven by Hezzie P. Holden struck a bicycle ridden by Ms. Cooper. Named defendants were Holden and his insurer, Commercial Union Insurance Companies (incorrectly referred to in plaintiff’s petition as Commercial Union Assurance Companies). The trial court rendered judgment for defendants, dismissing Ms. Cooper’s suit with prejudice.
Ms. Cooper, an adult, was riding a bicycle in a southerly direction in the southbound lane of travel on U.S. Highway 51 near Ponchatoula along with two friends, each of whom was also riding a bicycle. Holden, also proceeding in a southerly direction, overtook the bicyclists from the rear and entered the northbound lane of traffic to pass the bicyclists. He blew the horn and let up on the accelerator, without applying the brakes. The posted speed limit was 40 mph. Holden admitted he was driving between 40 and 45 mph, but stated he slowed down to 40 mph when he encountered the bicyclists.
Suddenly, without giving a signal, Ms. Cooper entered the northbound lane, into Holden’s path of travel. Holden stated that at the time Ms. Cooper moved into his path of travel, she was a car length or a car length and a half ahead of his car. Ms. Cooper’s witnesses testified Ms. Cooper had moved onto the left shoulder by the time the distance had closed to one or one and one-half car lengths. Holden applied the brakes, but his automobile struck Ms. Cooper and her bicycle with the right front side of the automobile bumper. Holden’s car came to rest in the left ditch bordering the highway. Ms. Cooper fell off her bicycle, bleeding profusely from the head. The testimony differs as to where Ms. Cooper fell. Mr. Holden testified that Ms. Cooper lay in the northbound lane of travel after the accident. Several of Ms. Cooper’s witnesses testified she lay on the left shoulder after having been struck. However, Yernell Cloy, Ms. Cooper’s father, testified that he took a photograph of the accident scene the day after the accident had taken place, and that he had placed a paper bag on the highway over blood stains left by Ms. Cooper when she fell. The paper bag is shown by the photograph as being on the highway, not on the shoulder. We therefore find sufficient evidence was presented to warrant a conclusion that Ms. Cooper fell to the pavement in the northbound lane of travel, and that when Ms. Cooper had earlier entered the northbound lane immediately before the accident’s occurrence, Holden did not have sufficient time to avoid striking her. In any event, such conclusion could not be held to be clearly wrong. Where the determinations of the trial judge involve the credibility of witnesses, as is here the case, they are entitled to great weight, and should not be upset absent manifest error. Veuleman v. O’Con, 417 So.2d 131 (La.App. 3d Cir.1982); Weimer v. Jenkins, 417 So.2d 413 (La.App. 1st Cir.1982).
*71 If we accept the account given by Mr. Holden as accurate, and we find the trial court cannot be found to have been manifestly erroneous in so doing, the facts of this case are quite similar to those presented in Ardoin v. State Farm Mutual Automobile Ins. Co., 205 So.2d 682 (La.App. 3d Cir.1967). In that case, a passing motorist who was suddenly confronted with a bicyclist who moved into his path while the motorist was in the act of passing was found free of negligence. The motorist had sounded his horn, as the trial judge found Mr. Holden had in the present case. The Third Circuit properly noted that the provisions of LSA-R.S. 32:73(2) applied, which requires that an overtaken driver give way to an overtaking driver who gives an “audible signal”. The statute clearly applies equally in the present case, as Ms. Cooper failed to give way to the overtaking driver, Mr. Holden, who had sounded his horn. Thus, the accident, under the holding in Ardoin and the cited statutory provision, was solely the fault of Ms. Cooper, and the trial court correctly held that she cannot recover.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.