EVANDER, J.,
dissenting.
Appellees, Paul and Alison Nazar (“the Nazars”), brought a negligence action against the Hernando County School Board (“School Board”), alleging Mr. Na-zar had suffered permanent injuries as a result of stepping into a deep hole on property owned and maintained by the School Board.
The jury returned a verdict in favor of Mr. Nazar. He was awarded $8,000 for past medical expenses, $10,000 for future medical expenses and no damages for pain and suffering. The jury did not award any damages to Mrs. Nazar on her loss of consortium claim. (In his closing argument, the Nazars’ attorney had requested damages in excess of $150,000.)
On appeal, the School Board argues the trial court erred in denying its motion for final judgment in accordance with a directed verdict. Specifically, the School Board contends the Nazars failed to present sufficient evidence that the School Board had actual or constructive knowledge of the alleged dangerous condition. I believe the trial court properly determined that the issue of constructive knowledge was for the jury to decide. Hester v. Guarino, 251 So.2d 563 (Fla. 3d DCA 1971).
Alternatively, the School Board contends the trial court abused its discretion in denying its motion for new trial. I agree. *534 The trial was marred by the Nazars’ misconduct. There were several instances where the Nazars, or their counsel, referenced matters in violation of the trial court’s pretrial orders. The most egregious violations were improper references, in the jury’s presence, to settlement offers. The clear implication of these improper references was that the School Board had offered to pay Mr. Nazar’s medical bills.
For example, during his opening statement, the Nazars’ counsel advised the jury:
And somebody from the school board gave him a card and said, give this — give this card from the school board to the doctors, and the school board will address the medical situation.
This statement was made immediately after a bench conference, during which the trial court had instructed the Nazars’ counsel to avoid any mention of insurance. The School Board’s timely motion for mistrial was denied. Later, in a nonrespon-sive answer to a question, Mr. Nazar blurted out a similar statement. The School Board’s renewed motion for a mistrial was also denied.
The jury awarded damages for Mr. Na-zar’s medical bills and nothing else. I believe there is a reasonable likelihood the jury’s verdict was influenced by the improper comments suggesting the School Board had previously offered to pay these bills. See, e.g., Henry v. Beacon Ambulance Serv., Inc. 424 So.2d 914 (Fla. 4th DCA 1982); Auto-Owners Ins. Co. v. Dewberry, 388 So.2d 1109 (Fla. 1st DCA 1980).
I would suggest, however, that the majority’s decision to affirm the trial court might well be a blessing in disguise for the School Board. A different jury might well have chosen to award greater damages to the Nazars. Nevertheless, I believe the School Board is entitled to a new trial.