375 So.2d 858 (1979)
METROPOLITAN DADE COUNTY TRANSIT AUTHORITY and William B. Houston, Appellants,
v.
Zeter Mae SIMMONS et al., Appellees.
Nos. 79-120, 79-121 and 79-587.
District Court of Appeal of Florida, Third District.
September 25, 1979.
Rehearing Denied November 2, 1979.
*859 Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellants.
Feldman, Abramson, Smith & Magidson and John M. Abramson, Robert A. Rossano, Miami, for appellees.
Before BARKDULL and HUBBART, JJ., and RIEGLE, HORACE D. (Ret.), Associate Judge.
PER CURIAM.
The Metropolitan Dade County Transit Authority, defendant-third party plaintiff in the personal injury action in the trial court, appeals summary final judgments entered in favor of the plaintiffs, Mr. and Mrs. Simmons, and the third party defendants, Hurricane Taxi, Inc., its driver and insurer.
Zeter Mae Simmons, a passenger in a Dade County bus, was allegedly injured when the bus was involved in a collision with a cab owned by Hurricane Taxi, Inc. Simmons and her husband filed suit against Dade County and its bus driver, and against the taxi company, its driver and its insurance carrier [hereinafter collectively referred to as Hurricane].
Eventually, the Simmons settled with Hurricane for a total of $1,000.00 and gave back a release.[1] The Simmons then sought settlement from Dade County in the amount of $60,000.00, but Dade County refused payment and filed a third party action against Hurricane, alleging that the prior settlement had been made in bad faith. The trial court ultimately entered two summary final judgments: one in favor of Hurricane on the third party action, and one in favor of the Simmons and against Dade County as to liability. Dade County has appealed these orders.
We affirm the trial court's judgment in favor of Hurricane. The taxi company had been discharged from the suit by the release; the County failed to demonstrate that the settlement was made in bad faith. Florida East Coast Railway v. Thompson, 93 Fla. 30, 111 So. 525 (1927); Seaboard Coast Line Railroad v. Gordon, 328 So.2d 206 (Fla. 1st DCA 1976); Section 768.31(5), Florida Statutes (1975).
However, we do find that the trial court erred in granting a summary judgment on the question of liability against Dade County and its bus driver. The matter should have been left to the jury. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Therefore, the summary judgment as to Hurricane is affirmed. The summary judgment in favor of Simmons against Dade County is reversed, and the cause is remanded to the trial court.
Affirmed in part, reversed in part with directions.
NOTES
[1] The release was originally made in such form as would release all defendants. After Dade County set the release out as an affirmative defense, the Simmons and Hurricane claimed mutual mistake and filed a stipulation of dismissal, noting that it was the intention of all parties to the release to only release Hurricane.

The release was modified in an order styled "vacating motion for summary judgment" which had been granted in favor of Dade County. The County appealed to this court, but that appeal was dismissed. Metropolitan Transit Authority v. Simmons, 353 So.2d 696 (Fla. 3d DCA 1977).