468 So.2d 393 (1985)
ROWLAND TRUCK EQUIPMENT, INC., Appellant,
v.
EVERWEAR PRODUCTS, INC., Appellee.
Nos. 84-1509, 84-1550.
District Court of Appeal of Florida, Third District.
April 23, 1985.
Rehearing Denied May 24, 1985.
*394 Pomeroy, Betts & Miller and Steve R. Berger and Amy N. Dean and Diane Kuker, Miami, for appellant.
Pyszka & Kessler and William Douberley, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is a products liability action in which a defendant truck manufacturer, Rowland Truck Equipment, Inc. [Rowland], appeals an adverse summary judgment on its indemnity and contribution claim filed against a co-defendant supplier, Everwear Products, Inc. [Everwear]. The crux of Rowland's claim was that Everwear supplied an allegedly defective component part which (a) Rowland later installed in a truck and (b) ultimately caused the alleged injury to the plaintiff in this action, Willie A. Lee [Lee].
We have no trouble in affirming the summary judgment on the indemnity claim. The law is well-settled that when a manufacturer of a finished product is held strictly liable for damages caused to a third person by a defective component part that was purchased from a supplier and integrated into the finished product, the said manufacturer is entitled to recover indemnity from the party supplying the defective component part, provided the manufacturer was not himself negligent in either creating or failing to discover the defect. See Houdaille Industries v. Edwards, 374 So.2d 490, 493-94 (Fla. 1979); Burbage v. Boiler Engineering & Supply Co., 433 Pa. 319, 249 A.2d 563 (Pa. 1969); Wetherington, Tort Liability in Florida, 8 Fla.St.U.L. Rev. 383, 409-10 (1980); Annot., 3 A.L.R.3d 1016 (1965). No indemnity was permissible in this case because it is plain on this record that the defendant truck manufacturer Rowland was at fault in selecting a product that was designed in a patently defective manner and in negligently installing that product on the truck in question.
We also have no trouble in affirming the dismissal of the contribution claim because the co-defendant supplier Everwear settled with the plaintiff Lee in this cause and received an otherwise good faith release from the said plaintiff. Under the specific terms of Florida's contribution statute [§ 768.31(5), Fla. Stat. (1983)], this showing bars the instant contribution claim. Metropolitan Dade County Transit Authority v. Simmons, 375 So.2d 858 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980).
The final summary judgment and final order of dismissal under review are affirmed in all respects.
Affirmed.