356 So.2d 21 (1978)
Leo and Sylvia LEVIN and Federal Insurance Company, As Subrogee of Leo and Sylvia Levin, Appellants,
v.
Roger HANKS, Appellee.
No. 76-1196.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
Rehearing Denied March 30, 1978.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
William M. Alper of Greene & Cooper, Miami, for appellee.
LETTS, Judge.
An insurance company plaintiff appeals the failure of the trial court to grant a new trial because of prejudicial remarks to the jury by opposing counsel. We reverse.
This case involves a high speed off shore boat race in which the defendant below, was one of the racing participants. During the race said defendant lost control of his racing boat and crashed into an anchored marker boat. The marker boat was insured by the appellant insurance company which paid off its policyholder and brought suit, as subrogee, against the boat race driver which rammed the marker boat.[1] The jury found the boat race driver not guilty.
*22 The insurance company was obviously properly subrogated to the rights of its insured, and this fact had been specifically admitted to in answer to requests for admissions. Notwithstanding, counsel for the defendant boat racer repeatedly sought to argue to the jury that the insurance company was in effect trying to recover for the second time because it had previously collected premiums from the boat owner. Such argument is exemplified by the following:
1. We are going to say to you and argue to you that Mr. Levin (marker boat owner) carried insurance for damage to his hull. That his hull was damaged. He filed his claim. The insurance company paid that claim. That should be the end of it, but this insurance company is now saying to Mr. Hanks (racing boat driver), oh, it was your fault.
2. So, what have you got here? You have got a rip-off, you have got an insurance company who collected premiums from this man (marker boat owner), and a lot of other people.
MR. FITZGERALD: That is improper argument. It has been conceded the insurance company has a right to bring this action, and they are entitled to a fair trial. For him to suggest that there is some reason other than what is in evidence why this company shouldn't prevail is totally improper argument.
THE COURT: Sustained.
3. He (the marker boat owner) is the only one that got on the stand and said it is worth $80,000.00, and therefore he is damaged, and the insurance company ought to get their money back. I don't know which way you want to call it, but I think it is a rip-off, and that is what I will call it. They got themselves a target defendant... .
These arguments are clearly improper, but appellee insists that even if that be true, they do not constitute reversible error. He also argues that the remarks were addressed to the marker boat owner, not the insurance company. While that may have been his intent, it appears to us that a contrary impression was given.
Perhaps no single one of these three arguments would be in and of itself reversible, but collectively we are of the opinion that they were highly prejudicial to the insurance company. See Southeast Zayre, Inc. v. Carswell, 348 So.2d 45 (Fla. 1st DCA 1977). It is true that the first of the three was not objected to, but the second was and the objection thereto sustained. Notwithstanding, the same argument was repeated again but a few lines later and the issue preserved for review by a timely motion for a new trial.
As we said in Harrold v. Schluep, 264 So.2d 431, 435 (Fla. 4th DCA 1972):
"Closing argument is restricted to the evidence and issues presented and the inferences which can be drawn from the evidence. Westbrook v. Bacskai, Fla. App. 1958, 103 So.2d 241, a personal injury case, held that counsel can not argue facts not in evidence or not warranted by the evidence."
In the instant case, the boat racer's counsel had conceded in the record that the right of the insurance company to sue was not in issue. He (counsel) is able and experienced and we perceive his repeated remarks to be directed to the passions and prejudices of the jury against insurance companies. This being so, the cumulative effect of the quoted remarks denied the insurance company a fair trial. Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160, 165 (Fla. 1957).
Notwithstanding that the foregoing is dispositive, we would comment that we do not agree with appellants other contention that the following jury instruction should have been given:
"When a vessel is moored or anchored where she is supposed to be moored and anchored, and she is struck during daylight by a moving vessel, the presumption is that the moving vessel is at fault in colliding with the anchored vessel."
We agree that under admiralty, this is a reasonably correct statement of the law [For example, see Skidmore v. Grueninger, *23 506 F.2d 716, 721 (5th Cir.1975)]; however, we do not believe it error to refuse to give such an instruction where the anchored vessel is a willing participant in a high speed ocean boat race.
REVERSED and REMANDED.
CROSS and MOORE, JJ., concur.
NOTES
[1] The marker boat owner was also a plaintiff below, seeking additional damages.