368 So.2d 361 (1978)
Maynard NELSON and Myrtle Nelson, Appellants,
v.
RELIANCE INSURANCE COMPANY et al., Appellees.
No. 77-702.
District Court of Appeal of Florida, Fourth District.
September 13, 1978.
Lawrence U.L. Chandler of Hamilton, James, Merkle and Young, West Palm Beach, for appellants.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney and Searcy, West Palm Beach, for appellees.
LETTS, Judge.
This cause is affirmed.
Notwithstanding, we are perturbed at the conduct of defense counsel during this trial and had appropriate objections been lodged, particularly during closing argument, we would have reversed because there exist innumerable examples of improper comment and argument. However, we perceive very few instances where remarks by an attorney are of such sinister influence as to constitute reversible error, absent objection. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978). Few, if any, objections were lodged about the improper remarks made by defense counsel during closing argument in this case although such remarks were numerous. It would be their cumulative effect that would justify reversal. We noted in the LeRetilley case, supra that objections to a particular course of conduct once made and overruled need not be repeated. However, the remarks here, while all improper, were by no means identical and there was no motion for a mistrial.
We are distressed at an increasing tendency, by the trial bar, to permit the noble art of trial practice to degenerate into a free-for-all. See Seguin v. Hauser Motor Company, 350 So.2d 1089 (Fla. 4th DCA 1977), and Levin v. Hanks, 356 So.2d 21 (Fla. 4th DCA 1978). However, while all judges are required by judicial dictates to exercise control over a trial, absent proper *362 objections, neither trial, nor appellate judges, can be expected to take on the role of school teachers, continually correcting argument or comment unobjected to by opposing counsel.
We view, with some skepticism, appellant's agonized cries that comment by opposing counsel below deprived him of a fair and impartial trial, when not so much as an objection was deemed necessary upon the occasion of the supposedly fatal utterances. We must assume that silence from experienced counsel is a judgment play predicated on his or her concept of how the trial is going. As such the failure to object constitutes intentional trial tactics, mistakes of which are not to be corrected on appeal simply because they backfire, save in the most rare of circumstances, Haist v. Scarp, 351 So.2d 1120 (Fla. 4th DCA 1977). But see Akin v. State, 86 Fla. 564, 98 So. 609, 612 (1923).
AFFIRMED.
DOWNEY, C.J., and CROSS, J., concur.