383 So.2d 732 (1980)
Gail HILLSON, Appellant,
v.
Robert DEESON and Richard Deeson and Alec Krystel, D/B/a Dixie Glass, Jointly and Severally, Appellees.
No. 79-1248.
District Court of Appeal of Florida, Third District.
May 13, 1980.
*733 Greene & Cooper and Sharon L. Wolfe, Tod Aronovitz, Miami, for appellant.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final judgment under review is affirmed upon a holding that: (a) the motion for new trial based on newly discovered evidence [raised by the affidavit in support thereof which was treated below as part of the motion for new trial] was properly denied by the trial court because the new evidence probably would not, in our view, have changed the outcome of this trial, and, in any event, did not establish that the defendant Robert Deeson knowingly gave false testimony at trial. Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla.3d DCA 1961); compare Alston v. Shiver, 105 So.2d 785 (Fla. 1958); and (b) the defendant's final argument which was objected to, and the trial court's oral statement overruling said objection was proper, and, in any event, presents no reversible error. Blackburn v. Dorta, 348 So.2d 287, 291, 293 (Fla. 1977); Taylor v. State, 330 So.2d 91, 93 (Fla.1st DCA 1976); § 59.041, Fla. Stat. (1979).
This affirmance, however, should not be interpreted as an approval of other comments made by plaintiff's counsel (TR 186, 192-93) and defendant's counsel (TR 198-99, 200-202, 206-207, 208, 210) in final argument to which no objection was made. In our view, these comments violate the spirit, if not the letter of Fla.Bar Code Prof.Resp. EC7-24, DR7-106(C)(3), (4), insofar as they assert counsel's personal belief in the justness of the cause and the credibility of the parties as witnesses at trial as well as counsel's personal knowledge of the facts in issue. Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla.3d DCA 1967). We deplore such comments and admonish counsel not to engage in such conduct in the future; indeed, the trial court, in our view, should restrain these comments even absent an objection. We affirm, not because we condone such conduct, but because both parties engaged in it and neither interposed any objection thereto, Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla.4th DCA 1978).
Affirmed.