415 So.2d 794 (1982)
Donald SCHREIER and Lumbermens Mutual Casualty Company, Appellants,
v.
Rufus Byron PARKER, Jr., As Personal Representative of the Estate of Rufus B. Parker, III, Clifford B. Martin, Paul H. Martin and Allstate Insurance Company, Appellees.
No. 81-1594.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Rehearing Denied July 14, 1982.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and W. Sam Holland and Roy D. Wasson, Miami, for appellants.
Philip Freidin, Adams, Ward, Hunter, Agnones & Adams and Robert C. Ward, Miami, for appellees.
Before BARKDULL, HENDRY and JORGENSON, JJ.
JORGENSON, Judge.
Rufus Parker, III, was a passenger in a Ford Mustang driven by Bradford Martin. The car in which Parker was riding struck a truck owned by Donald Schreier and insured by Lumbermens Mutual Casualty Company, appellants here. The collision occurred in a residential area in southern *795 Dade County. The speed limit in this area was 30 mph. It was nighttime and the weather conditions were rainy. The Mustang, which was northbound, swung into the southbound lane in order to pass an uninvolved motor vehicle and struck Schreier's truck which protruded onto the southbound driving surface. The Mustang struck the stationary truck at a speed between 50 and 65 mph. Rufus Parker was ejected from the vehicle during the collision and, according to the medical evidence, died of blunt trauma to the head. The jury returned a verdict finding Schreier eighty percent negligent and Rufus Parker twenty percent negligent.
We affirm in part and reverse in part. The first point on this appeal concerns the testimony of the investigating officer regarding his conversations with Mr. Schreier, alleged to be privileged under Section 316.066(4), Florida Statutes (1979). The testimony which was elicited, and which was properly objected to, was clearly privileged and, thus, reversal is required. Elder v. Robert J. Ackerman, Inc., 362 So.2d 999 (Fla. 4th DCA 1978); Nash Miami Motors, Inc. v. Ellsworth, 129 So.2d 704 (Fla. 3d DCA 1961).
The second point raised deals with the propriety of bringing before the jury testimony which occurred during a traffic court proceeding regarding this accident. Appellant suggests, and we agree, that it is wholly improper to bring the traffic court proceeding before a jury trying a civil negligence action. Albertson v. Stark, 294 So.2d 698 (Fla. 4th DCA 1974); Walton v. Robert E. Haas Construction Corporation, 259 So.2d 731 (Fla. 3d DCA 1972); Riedel v. Driscoll, 124 So.2d 42 (Fla. 1st DCA 1960).
Schreier also complains that the trial court erred in granting summary judgment on the cross-claim of Donald Schreier and Liberty Mutual which sought contribution. The trial court appropriately entered summary judgment in favor of Clifford B. Martin, Paul H. Martin and Allstate Insurance Company pursuant to the provisions of Section 768.31(5), Florida Statutes (1979). Since the Martins and Allstate tendered their policy limits to Parker and obtained a release therefor, the contribution claim was barred. Metropolitan Dade County Transit Authority v. Simmons, 375 So.2d 858 (Fla. 3d DCA 1979), cert. denied 386 So.2d 639 (Fla. 1980); Martinez v. Gonzalez, 368 So.2d 92 (Fla. 3d DCA 1979); Seaboard Coast Line Railroad Company v. Gordon, 328 So.2d 206 (Fla. 1st DCA 1976).
We turn now to one other point which merits discussion. During the close of the case, counsel for defendant Schreier, and counsel for plaintiff Parker, made arguments which, in the court's view, are wholly inappropriate.[1] The prophylactic effect hoped for by Judge Schwartz in his special concurrence in Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA 1980) apparently has not been forthcoming. Arguments in derogation of Fla.Bar Code Prof.Resp. EC7-24, DR7-106(C)(3), (4) will not be condoned in this court, nor should they be condoned by the trial court, even absent objection. Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980).
We trust that on retrial, counsel will limit their arguments to their views of the evidence in conformance with the provisions of the Florida Bar Code of Professional Responsibility.
Reversed and remanded for further proceedings in accordance with the views expressed herein.
NOTES
[1] The arguments here are remarkably similar to those found in Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974) (Barkdull, J., dissenting), cert. denied, 317 So.2d 442 (Fla. 1975).