440 So.2d 373 (1983)
HONDA MOTOR COMPANY, LTD., a Japanese Corporation, and American Honda Motor Company, Inc., a Foreign Corporation, Appellants,
v.
David Paul MARCUS and Diana Rivera, Appellees.
No. 82-1341.
District Court of Appeal of Florida, Third District.
September 6, 1983.
As Amended on Motion for Clarification November 8, 1983.
*375 Murphy, Buschbom & Murphy, Coral Gables, Jay M. Smyser, Chicago, Ill., for appellants.
J. Arthur Hawkesworth, Jr., Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
A jury rendered a verdict against Honda Motor Company, Ltd. and American Honda Motor Company, Inc. (jointly, Honda), finding both of these defendants to be strictly liable and to have breached an implied warranty of merchantability which resulted in damages to the plaintiff Diana Rivera. The jury assessed Rivera's damages at three million dollars, but found her to be ten per cent responsible for her own injuries, solely because of her failure to use a seat belt. After entering final judgment for Rivera in the thus-reduced amount of $2,700,000, the trial court granted Honda's motion for new trial or remittitur. Upon Rivera's rejection of the ordered remittitur of one million dollars, the trial court granted a new trial on damages.
Honda appeals, contending that it was entitled to a judgment notwithstanding the verdict because of the failure of Rivera to present sufficient evidence of a defect in her Honda automobile or a causal relationship between any defect and her injuries, or, alternatively, that it was entitled to a new trial on liability as well as damages. Rivera cross-appeals, contending first, that the remittitur/new trial order was error, since the verdict was not excessive under the proof submitted, and second, that the trial court erred in submitting the issue of Rivera's failure to wear a seat belt to the jury, and that, therefore, Rivera was entitled to the full amount of the verdict of three million dollars without any reduction attributable to her fault. For the reasons which follow, we reverse the order granting a new trial on damages and direct that judgment be entered for Rivera in the amount of three million dollars.
We find no merit in Honda's claim that it was entitled to a judgment in its favor notwithstanding the verdict. Recognizing the general rule that its failure to renew its motion for directed verdict at the close of all the evidence constitutes both a waiver of its right to have the trial court consider its motion for judgment notwithstanding the verdict and a failure to properly preserve its claim on appeal that it was entitled to a judgment in its favor because of the insufficiency of the evidence, Gulf Heating & Refrigeration Co. v. Iowa Mutual Insurance Co., 193 So.2d 4 (Fla. 1966); 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958); Keyes Co. v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979); Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979); Lee County Oil Co. v. Marshall, 98 So.2d 510 (Fla. 1st DCA 1957), cert. denied, 101 So.2d 819 (Fla. 1958), Honda nonetheless contends that because the error is fundamental, that is, "the insufficiency of the evidence constitutes plain error on the face of the record which, if not noticed, would constitute a *376 manifest miscarriage of justice," see Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412, 419 (Fla. 4th DCA 1980); Pickard v. Maritime Holdings Corp., 161 So.2d 239, 242 (Fla. 3d DCA 1964), appellate review is not precluded. We find, however, that no error at all, much less fundamental error, appears in the denial of Honda's motion for judgment notwithstanding the verdict.
Honda's alternative contention that it was entitled to a new trial on liability as well as damages is based in part on the claim that the closing argument made by Rivera's counsel was improper and prejudicial in a number of respects, and the verdict forms and jury instructions were legally incorrect, and in part on the claim that the verdict on liability was against the manifest weight of the evidence. The closing argument remarks which Honda now finds offensive were not objected to and prompted no motions for mistrial; the proposed verdict forms and jury instructions were met with silence.
We, even as our sister court in Nelson v. Reliance Insurance Company, 368 So.2d 361 (Fla. 4th DCA 1978), are somewhat skeptical about "appellants' agonized cries that comment by opposing counsel below deprived [it] of a fair and impartial trial, when not so much as an objection was deemed necessary upon the occasion of the supposedly fatal utterances." 368 So.2d at 362. But skepticism aside, we find that the remarks were not so inflammatory and the verdict forms and instructions were not so misleading as to extinguish Honda's right to a fair trial and to, therefore, constitute fundamental error. Thus, the failure of Honda to preserve these issues by appropriate objections or in-trial motions precludes it from now arguing that the trial court erred by failing to grant it a new trial on these grounds. See Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983) and cases cited therein.[1] And although Honda's separate claim that it was entitled to a new trial on all issues because the verdict on liability was against the manifest weight of the evidence is one which could not have been brought to the trial court's attention any sooner than in the motion for new trial and is therefore preserved for review, Sears Roebuck & Company v. Jackson, 433 So.2d at 1321, we find that the trial court correctly concluded that the jury's verdict on liability was amply supported by the evidence and was not against its manifest weight.
We turn now to Rivera's cross-appeal. The order granting a new trial on damages does not find the damages to be excessive in light of the evidence presented or the damages to be against the manifest weight of the evidence. Instead, the trial court found that two closing argument remarks made by Rivera's counsel were inflammatory and improper and "patently prejudicial as to the damage issues in the trial and were of such character as to warrant a remittitur regardless of the want of objection."
The remarks singled out by the trial court as evidencing that "the jury was swayed by passion" were these:
"Diana didn't ask to be born. None of us did. Diana didn't ask for her father to leave the family when she was a baby and Diana didn't ask to be a battered child whose mother fractured her nose and she had a rhinoplasty way back when, and Diana didn't ask to go into various foster homes but the law is you take the person as you find them."
Even aside from the general proposition that in a case such as this, involving disfigurement, the loss of a limb, and severe mental trauma, counsel may be expected to be emotional and are accorded a wide latitude in making arguments to the jury, see Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), we find the remarks of counsel to be well within the evidence presented on the issue of the mental trauma suffered by Rivera as a result of *377 the accident and by no means so inflammatory as to constitute fundamental error which would permit a trial court to grant a new trial in the absence of a timely objection to the remarks. See Sears Roebuck & Company v. Jackson, 433 So.2d at 1322.
The remark said by the trial court to evidence that the jury took improper elements of damages into account was this:
"Then, maybe if she's got that ten million dollars, she can help do the research."
Once again, Honda, having made no objection to this remark at trial, carries the burden of demonstrating that the remark was fundamental error which warranted the grant of a new trial. It is clear to us, however, that the error is not fundamental. First, the evidence at trial clearly justified the award made by the jury under proper instructions as to the items of damages it could take into account and with the additional cautionary instruction that argument of counsel is not to be considered as evidence. Thus, if the remarks be deemed improper, the error of them is hardly fundamental. See Decks, Inc. v. Nunez, 299 So.2d 165 (Fla. 2d DCA 1974). Second, unlike Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), in which this court found fundamental error where the jury specifically awarded damages which were not authorized by law under an unobjectedto instruction, in the present case the damages awarded were part of a general verdict not excessive under the evidence. Thus, conceding, arguendo, that the remark about ten million dollars for research referred to an element of damages which the jury could not consider, we cannot assume that the jury's undifferentiated verdict of three million dollars took into account this improper element, since proper elements of damage justified its award. See Marks v. Delcastillo, 386 So.2d at 1268 n. 19; Decks, Inc. v. Nunez, 299 So.2d at 166.
Finally, Rivera says that the trial court erred in submitting to the jury the issue of her failure to wear a seat belt, which resulted in a ten per cent reduction of the jury's award. While we agree with Rivera, we do so without deciding whether the "seat belt defense" exists, or should exist, in present-day Florida, a question exhaustively treated in Lafferty v. Allstate Insurance Co., 425 So.2d 1147 (Fla. 4th DCA 1982), and Insurance Company of North America v. Pasakarnis, 425 So.2d 1141, 1142 (Fla. 4th DCA 1982) (Schwartz, A.J., dissenting). See also Selfe v. Smith, 397 So.2d 348 (Fla. 1st DCA 1981). Whatever the merits of both sides of this question, it is clear that even those who conclude that the "seat belt defense" exists and should be submitted to and determined by a jury, concede that "like all other negligence issues, the `seat belt defense' may be submitted only when there is also competent evidence that the failure to use it bore a causal relation to the plaintiff's injuries." Insurance Company of North America v. Pasakarnis, 425 So.2d at 1147 (Schwartz, A.J., dissenting). This, of course, whatever the ultimate resolution of the larger controversy, has always been the law. Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978) (lack of evidence of causal connection between claimant's injuries and his failure to fasten seat belt precludes submission to jury, even if seat belt defense were recognized); Brown v. Kendrick, 192 So.2d 49 (Fla. 1st DCA 1966) (although holding that seat belt defense unavailable in any event, alternatively holding that lack of evidence of causal connection between claimant's injuries and his failure to fasten seat belt made defense unavailable in instant case).
In the present case, Honda points to the testimony of its accident reconstruction expert as supplying the needed causal connection. The expert was asked:
"Do you have an opinion within reasonable probability in your field of expertise as to whether or not she would have suffered any physical injury as a result of this accident because she was wearing the lap belt and the shoulder belt, that is, would she have been injured by the belt?" (Tr. 701).
He answered:
"The statistics show, and the belt loadings show, that there probably should not be internal injury. In other words, you *378 would have the classical belt bruises, but that would be the extent of it." (Tr. 702).
While the foregoing testimony arguably tends to prove that had Rivera worn a seat belt, she would not have been injured by the belt, it simply does not tend to prove that had Rivera worn a seat belt, she would not have been injured in the accident. Since Honda refers us to no other proof on the issue, we must conclude that the record contains no competent evidence that Rivera's failure to wear a seat belt bore a causal relation to her injuries and, consequently, that the jury's finding that Rivera was ten per cent responsible for her injuries because of that failure is without evidentiary support.
Accordingly, insofar as the order of the trial court granted a new trial on damages, it is reversed with directions to the trial court to enter judgment for Rivera in the amount of three million dollars, with interest thereon from the date of the verdict rendered in favor of the appellee. See Mabrey v. Carnival Cruise Lines, Inc., 438 So.2d 937 (Fla. 3d DCA 1983). That part of the order denying a new trial on liability is affirmed.
Affirmed in part; reversed in part.
NOTES
[1] The proposition that a trial court may  even should  intervene to restrain improper comments despite the lack of objection by counsel, see, e.g., Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980), does not, as appellant seems to suggest, relieve counsel from his obligation to object.