523 So.2d 181 (1988)
Anita M. STOKES, Appellant,
v.
WET 'N WILD, INC., Appellee.
No. 87-1600.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
Roger D. Helms, of Troutman, Williams, Irvin, Green & Troutman, P.A., Winter Park, for appellant.
James E. Glatt, of Malone, Beers, Glatt & Wyatt, Orlando, for appellee.
SHARP, Chief Judge.
Stokes appeals from a final judgment denying her any recovery in her personal injury suit against Wet 'N Wild, Inc., and from the trial court's denial of her motion for new trial. Improper argument during closing was the basis of Stokes' new trial motion. We agree Stokes is entitled to a new trial.
After reaching the bottom of the Banzai Boggan ride at Wet 'N Wild, Stokes felt a sharp pain in her back. There was no *182 question but that she had suffered a T-12 compression fracture of her back. This was testified to by her orthopedic surgeon, Dr. Baker. Dr. Baker gave her a five percent permanent impairment rating. Even defense counsel agreed Stokes suffered at least $6,000.00 to $7,000.00 in damages.
At the beginning of his closing argument, counsel for Wet 'N Wild said:
Now, I don't mean to insult your intelligence and please excuse me if I do. [Referring to plaintiff's chart which summarized possible damages and which was left in the courtroom.] This adds up to $48,300.00 and it is absolutely ridiculous. This is why we're here. This is why our courtrooms are crowded and this is why we read articles in the newspaper, because of things like that.
Stokes' attorney objected to these statments as improper and asked for a curative instruction. The trial court refused to give it. After Wet 'N Wild's attorney finished his closing argument, Stokes' attorney once again asked for a curative instruction and for a mistrial based on the reference to overcrowded courtrooms. The jury found no negligence on the part of Wet 'N Wild.
The reference to problems of overcrowded courtrooms is clearly an attempt to appeal to the conscience of the community and matters far afield from the evidence admitted in the case. As such it was highly improper and may have been grounds for a new trial even absent objection. See S.H. Investment and Development Corporation v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986), review denied, 504 So.2d 767 (Fla. 1987); Borden Inc. v. Young, 479 So.2d 850 (Fla. 3rd DCA 1985), review denied, 488 So.2d 832 (Fla. 1986); Schreier v. Parker, 415 So.2d 794 (Fla. 3rd DCA 1982); Westbrook v. General Tires and Rubber Company, 754 F.2d 1233 (5th Cir.1985).
In addition, a review of Wet 'N Wild's closing argument reveals numerous expressions of the attorney's personal opinion concerning the justness of Wet 'N Wild's defenses, the credibility of witnesses or the lack thereof, and Stokes' culpability as a civil litigant. For example, the attorney said he did not think Stokes' witnesses' testimony was reasonable. He did not like Stokes' expert witness and he thought he was misleading; he did not think Stokes' testimony was true.
Although not specifically objected to by Stokes' attorney, these comments were in breach of The Rules Regulating The Florida Bar, Rule 4-3.4, entitled: Fairness of Opposing Parties and Counsel. That rule provides that a lawyer shall not:
(e) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of the facts in issue except when testifying as a witness, or state a personal opinion as to the justness of the cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
The combined effect of counsel's improper comments warrants the reversal of the judgment in this case and award of a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
ORFINGER and DANIEL, JJ., concur.