614 So.2d 626 (1993)
BLUE GRASS SHOWS, INC., Appellant,
v.
William Randy COLLINS and Jan F. Collins, his wife, Appellees.
No. 91-400.
District Court of Appeal of Florida, First District.
February 19, 1993.
Rehearing Denied March 23, 1993.
Jack W. Shaw, Jr. and Harris Brown of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, for appellant.
Thomas R. Brown of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Michael J. Korn of Christian, Prom, Korn & Zehmer, P.A., Jacksonville, for appellees.
SMITH, Judge.
Appellant appeals a final judgment assessing damages against it upon a jury's verdict in a negligence suit. Because we find no reversible error, we affirm.
Appellant is the owner and operator of a fair attraction called the "Australian Worm." This attraction is an inflated, vinyl tube-like structure which patrons walk through and encounter various features inside, such as balls, a cargo net and a slide. On October 28, 1988, Randy Collins (hereafter, Collins) took his four year old son into the Worm which had been set up at the Greater Jacksonville Agricultural Fair. His son descended the slide without incident; however, when Collins followed, he injured his lower back when he landed near the base of the slide, sustaining a 30 percent compression fracture of the L-1 vertebra.
In January 1989, Collins and his wife filed suit, alleging that appellant negligently maintained the Worm and the surrounding area, thereby creating a known and dangerous condition. Collins also alleged that appellant negligently breached its duty to warn of the danger posed by the Worm. Collins sought damages for pain, disfigurement, medical costs, loss of earnings, and other damages. Collins' wife sought damages for the loss of society, companionship and consortium of her husband. The cause proceeded to trial resulting in a jury verdict in favor of both Collins and his wife.
Appellant relies for reversal upon several allegedly erroneous rulings of the trial court, none of which we find sufficient for reversal. We address first the admission of a paramedic's testimony regarding the so-called "mechanism of injury." *627 While appellant wishes to characterize the testimony as expert in nature, for which no proper foundation was laid, our review of the record indicates that the paramedic merely testified concerning what he observed at the accident scene. Thus, the testimony was purely factual, and appellant's objection to it was properly overruled.
Appellant also seeks reversal on the ground that the closing argument of the appellees contained an improper "conscience of the community" argument. Although appellant failed to lodge a contemporaneous objection to appellee's closing, did not seek a curative instruction and did not move for mistrial, appellant nevertheless maintains that the error is a basis for reversal.[1] We disagree.
There are legions of cases condemning arguments similar to the one made by appellees and, beyond question, this line of argument was improper. As was stated in S.H. Investment and Development Corp. v. Kincaid, 495 So.2d 768, 771 (Fla. 5th DCA 1986), rev. denied, 504 So.2d 767 (Fla. 1987), quoting, Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1238-39 (5th Cir.1985):
This us-against-them plea can have no appeal other than to prejudice by pitting `the community' against a nonresident corporation. Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial... . Our condemnation of a `community conscience' argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders.
In Morris v. State, 456 So.2d 471 (Fla. 3d DCA 1984), quashed on other grounds, 487 So.2d 291 (Fla. 1986), the district court refused to grant a new trial despite the prosecutor's violation of the "golden rule" argument. After noting that the prosecutor had quickly rephrased his remarks, the Morris court added that the point was not preserved for appellate review inasmuch as defense counsel failed to obtain a ruling on his objection and to request a curative instruction. As previously noted, appellant in the case before us did not even lodge an objection.
The Morris court added further that a motion for mistrial, made after the jury was charged and sent to deliberate, came too late to preserve the objection. As noted above, no motion for mistrial was made in the instant case; in fact, there was no indication of appellant's displeasure with these objectionable comments by Collins' counsel until after a verdict unfavorable to appellant was rendered. Thus the court's comments in Nelson v. Reliance Insurance Co., 368 So.2d 361, 362 (Fla. 4th DCA 1978), are equally applicable to the instant case:
"We view, with some skepticism, appellant's agonized cries that comment by opposing counsel below deprived him of a fair and impartial trial, when not so much as an objection was deemed necessary upon the occasion of the supposedly fatal utterances. We must assume that silence from experienced counsel is a judgment play predicated on his or her concept of how the trial is going. As such the failure to object constitutes intentional trial tactics, mistakes of which are not to be corrected on appeal simply because they backfire, save in most rare of circumstances... ."
(Citations omitted). See also, Murray-Ohio Manufacturing Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980).
*628 We are aware of the language used in the court's opinion in Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988), wherein the court stated:
[a] reference to problems of overcrowded courtrooms is clearly an attempt to appeal to the conscience of the community and matters far afield from the evidence admitted in the case. As such it was highly improper and may have been grounds for a new trial even absent objection. See S.H. Investment and Development Corporation v. Kincaid, [supra]; Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Westbrook v. General Tires [sic] and Rubber Co., [supra].
(Emphasis added).
This reference in Stokes to a "conscience of the community" argument as being a possible basis for a new trial, even absent an objection, must be considered dictum since the appellant in Stokes objected to the improper comments and moved for a curative instruction; further, at the close of the appellee's argument, appellant again sought a curative instruction and moved for mistrial as well. 523 So.2d at 182.
Similarly, in S.H. Investment, cited in Stokes, there were three motions for mistrial and several objections during the course of the objectionable closing argument. 495 So.2d at 771. In Westbrook v. General Tire, also cited in Stokes, an objection was made, and overruled, during an objectionable closing argument. 754 F.2d at 1238.
In a third authority cited by the Stokes court, Borden, Inc. v. Young, counsel for both parties in the case engaged in egregious conduct during closing argument, such that the case was metaphorically described as a "prize fight" and "a gladiatorial contest." 479 So.2d at 851. Without stating all of the improper features of the closing, the Borden court indicated that the worst feature was the assertion by the attorney for the plaintiff of his personal knowledge of supposed activities about which there was no evidence and which did not in fact occur. Quoting Schreier v. Parker, which in turn cited Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980), the Borden court held that arguments in derogation of the Code of Professional Responsibility of the Florida Bar[2] should not be condoned by the appellate or trial court, even absent objection.
In Hillson, the court found no reversible error in an improper final argument even where there was an objection. 383 So.2d at 733. The court cautioned, however, that the affirmance should not be read as condoning unobjected to comments which violated the spirit, if not the letter, of EC 7-24, DR 7-106(c)(3), (4) of the Code of Professional Responsibility. Citing Nelson, supra, the Hillson court did not reverse because both parties engaged in the deplorable conduct and neither interposed an objection thereto. 383 So.2d at 733.
In Schreier, both counsel for the defendant and counsel for the plaintiff made arguments during closing which were in derogation of EC 7-24, DR 7-106(c)(3), (4). The Schreier court observed that such arguments should not be condoned, even absent an objection. EC 7-24 of the Code provides that it is improper for an attorney to express an opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or as to the guilt or innocence of an accused. DR 7-106(c)(3) provides that at trial, a lawyer shall not assert his personal knowledge of facts, except while testifying as a witness. DR 7-106(c)(4) provides that a lawyer shall not assert a personal opinion as to the justness of a cause.
Appellant does not assert that appellee's counsel expressed a personal opinion as to any matter. Thus, there has been no assertion that the closing argument was in derogation of EC 7-24 and DR 7-106(c), as was the case in Hillson, Schreier and Borden. Furthermore, Schreier and Borden do not support the assertion made in Stokes, by way of dictum, that a conscience *629 of the community argument may be grounds for a new trial even absent an objection.
Finally, we do not consider appellee's improper closing argument to have been so egregious as to constitute fundamental error. While we are at a loss to understand why counsel for the appellee would present an argument which has been unequivocally and repeatedly condemned, we note that appellee's counsel did not follow his improper remark with a suggestion or request that the jury should punish the appellant. In Florida Crushed Stone Co. v. Johnson, 546 So.2d 1102 (Fla. 5th DCA 1989), the court noted it would not reverse on the ground that a conscience of the community argument had been made at trial, even if the issue had been properly preserved for appellate review, because the improper comment was not followed with a suggestion or request that the jury punish the opposing side. Compare, Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981).
Finding that none of the other issues raised on appeal merit reversal, we conclude that the judgment appealed must be and is hereby AFFIRMED.
BARFIELD, J., concurs.
BOOTH, J., dissents.
NOTES
[1] The objectionable argument was:

I'll leave you with two thoughts. The fair is coming back to Jacksonville, bringing the amusement back. You folks, as you sit here in Duval County, Florida, you become the conscience of the community. It is you who will tell the fair what kind of standard and what kind of protection you want for the citizens of this town by your verdict; that you aren't going to tolerate this type of thing where they invite people to use their amusements and don't safeguard them properly and hurt the people in Jacksonville, Florida. You are the conscience of the community.
[2] The Code of Professional Responsibility has since been superseded by the Rules of Professional Conduct contained in the Rules Regulating the Florida Bar.