641 So.2d 427 (1994)
BELLSOUTH HUMAN RESOURCES ADMINISTRATION, INC., Appellant/Cross-Appellee,
v.
Delores COLATARCI and Robert L. Hylton, Appellees/Cross-Appellants.
No. 92-3330.
District Court of Appeal of Florida, Fourth District.
August 3, 1994.
Rehearing and Rehearing Denied September 16, 1994.
John R. Hargrove and Paula Revene of Heinrich Gordon Batchelder, Hargrove & *428 Weihe, Fort Lauderdale, for appellant/cross-appellee.
D. Frederico Fazio of Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Fort Lauderdale, for appellees/cross-appellants.
Rehearing and Rehearing En Banc Denied September 16, 1994.
KLEIN, Judge.
Defendant appeals a judgment for plaintiff in a personal injury case arguing, among other things, that a new trial is required because of Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), and improper remarks of counsel in closing argument. We reverse.
Plaintiff, an employee of Southern Bell, was injured while participating in a program operated by a separate corporation, appellant Bellsouth Human Resources. The three-day course, called "Excellence Through Teamwork," combined classroom and physical activities, the purpose of which was to increase productivity and improve the teamwork of Southern Bell employees. Plaintiff was injured while participating in one of the physical activities and brought suit against defendant Bellsouth for negligence. The jury found defendant 100% at fault. Defendant has appealed, arguing that: the jury should have been instructed on assumption of risk; the court erred in failing to include non-party tortfeasors on the verdict form; and that the court should have granted a mistrial because of the remarks of plaintiff's counsel in closing argument. We find no merit in defendant's argument on assumption of risk.
Prior to trial, which was before the supreme court's decision in Fabre, the court ruled, at the request of the plaintiff, that the jury would not be permitted to consider the negligence of non-parties. In attempting to avoid a retrial because of Fabre, plaintiff argues that defendant's proffer did not show evidence of any negligence by non-parties. Defendant claims that its proffer, through the depositions of experts, demonstrated that the manufacture and design of both the physical equipment and the course itself, by a non-party, were negligent. We agree that the proffer was sufficient, under these circumstances, and that Fabre thus requires a reversal.
We also address the improper remarks of counsel, since this case must be retried. Although we discuss the remarks of plaintiff's counsel first, since their propriety is one of the issues raised by defendant, we would observe that it was defense counsel's improper comments which came first. If the trial court had sustained plaintiff's objections to those remarks, the remainder of this opinion might well not have been necessary, because plaintiff's counsel's remarks were in direct response to those of defendant's counsel.
The remarks about which defendant complains were made on plaintiff's rebuttal:
If you think for a moment Mr. Gordon's comments aren't designed to make you feel prejudice or sympathy, then I guess I'm not really understanding what he is trying to do here. And one of the things I want you to know when I say that is it tells a real story to you in one of his comments when he first got up here when he thanked you on behalf of, and these were his words, on behalf of your telephone company.
Well, folks, the telephone company has nothing to do with this case. This is Bellsouth Human Resources. As they describe them they are separate companies who runs these programs even at times not just for them, I guess. And if that's not designed to appeal to sympathy or somehow make you think that something else is going on here  this is not a case against Mr. Gordon's telephone company. Let me make that clear.
* * * * * *
I understand Mr. Gordon said it himself, corporate America. You know, the folks that brought you the gas tank that explodes, and agent orange, and silicone breast implants.

MR. GORDON: This is highly improper about agent orange and silicone breast implants.
THE COURT: It's already in. Belay it. Go on to something else.
At the conclusion of the arguments defense counsel moved for a mistrial which was denied.
Plaintiff's counsel on appeal is candid enough to admit that his references to agent *429 orange, breast implants, and exploding gas tanks were not appropriate. He only argues that they were a proper response to the argument of defense counsel.
Defense counsel's remarks included:
It is, indeed, I think, alarming that trial lawyers will come before six people in the community and hope to be able to get those six members of the jury to give them a $1,500,000 for a broken leg. It seems to say I think a lot about the deterioration of our society. It certainly 
MR. ABERS: Judge, that is all improper commentary. And if the Court wants me to I would be glad to see  get the cases.
MR. GORDON: I would like to do that. May I continue?
THE COURT: Go ahead. You can rebut.
MR. GORDON: It says a great deal. And, certainly, it is a problem for Mr. Abers because it says a great deal about the deterioration of our system, a broken leg a million dollars. A broken leg a million and a half dollars. What is it about our system that has created a situation that every time we do something if it doesn't turn out the way we thought we sue?
MR. ABERS: Judge, I have the same objection to Mr. Gordon talking about what happens anywhere other than what happens in this trial.
THE COURT: He is a seasoned attorney. I hope he would do what is right.
MR. GORDON: I would do nothing but what is right.
THE COURT: We will worry about it later. I'm not in a position right now to 
This was only a typical sample of defense counsel's approach, which was to attack trial lawyers in general, and suggest that their bringing of frivolous lawsuits was one of the major ills of our society.
In Hartford Accident and Indemnity Co. v. Ocha, 472 So.2d 1338, 1343 (Fla. 4th DCA 1985), Judge Anstead stated:
Suggesting that all claimants' lawyers always ask for more than they expect to receive or that defense lawyers always say their clients are innocent or that the damages are minor, adds nothing to the orderly resolution of the factual disputes before the jury, and does considerable harm to the already impaired reputation of the legal profession. Counsel are, of course, entitled to point out the lack of factual or legal support for an opposing party's contention, or the lack of reasonableness or rationality in an approach. The trial court should not hesitate, however, to keep tight reins on a lawyer who seeks to win his case by castigating an entire segment of the legal profession. In all likelihood the same lawyer who generally disparages one side, in order to gain a short term advantage, either has already, or will shortly thereafter, occupy the opposite table himself.
Similarly, in Stokes v. Wet `N Wild, Inc., 523 So.2d 181, 182 (Fla. 5th DCA 1988), defense counsel made an argument about the plaintiff's case being "ridiculous" and that this is why our courtrooms are overcrowded. In holding that the trial court should have granted plaintiff's motion for mistrial, the court stated:
The reference to problems of overcrowded courtrooms is clearly an attempt to appeal to the conscience of the community and matters far afield from the evidence admitted in the case. As such it was highly improper and may have been grounds for a new trial even absent objection.
We do not mean to imply by quoting from Stokes that it may not be necessary to object or move for a mistrial in this district. On the other hand we are determined to do what we can in this district to discourage lawyers from engaging in improper argument.
The remarks of both counsel are in direct violation of R.Regulating Fla.Bar 4-3.4(e), which provides that lawyers shall not:
[I]n trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of the facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
*430 It is exasperating that, no matter how many times appellate courts cite this well-known rule, trial counsel and trial judges do not seem to get the message. See, e.g., Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA 1994); Ocha, 472 So.2d at 1338; Stokes, 523 So.2d at 181; Riggins v. Mariner Boatworks, Inc., 545 So.2d 430 (Fla. 2d DCA 1989); and Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989).
In State v. Murray, 443 So.2d 955, 956 (Fla. 1984), the Florida Supreme Court stated:
When there is overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation.
We hope we do not have to go so far as recommending, in our opinions, that the Florida Bar prosecute counsel for engaging in this kind of unethical conduct; however, we certainly see why the third district did so in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986).[1]
Plaintiff's counsel urges that we should not grant a new trial because what occurred here was similar to what occurred in Jeep Corp. v. Walker, 528 So.2d 1203 (Fla. 4th DCA 1988). On the contrary, in that case, although this court concluded that both sides engaged in misconduct, much of it was not objected to, and on other occasions the objections were sustained.
In the present case the trial judge did not even sustain defendant's objection to plaintiff's attempt to compare this corporate defendant's behavior with that of corporations which have manufactured breast implants, agent orange, and vehicles with exploding gas tanks. Nor did he curb defense counsel's improper remarks made earlier, when he was requested by plaintiff's counsel to do so.
It is the trial court's responsibility, when objections are made to improper argument, to sustain the objections and let counsel know that these tactics will not be tolerated. Since the basic parameters of proper argument are the issues reflected in the pleadings; the facts shown by the evidence and the inferences to be drawn therefrom; and the instructions given to the jury, with some latitude for rhetoric[2], it should not be difficult for trial judges to recognize when counsel are exceeding the bounds of propriety. What other lawyers have done, what has occurred in other law suits, and what other corporations have done, are things which are clearly outside the bounds, and reference to them directly violates the ethical rule.
When counsel engages in misconduct so prejudicial as to warrant a mistrial, opposing counsel is in the unenviable position of having to move for one which, if granted, can be devastating to the client in terms of both time and expense. Nor is it attractive to a trial court to have to grant a mistrial after days or weeks of what may have been an otherwise error-free proceeding. In Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla. 1985), our supreme court held that it is appropriate for a trial judge to reserve ruling on a motion for mistrial until after the jury returns a verdict. We recommend that procedure, in the appropriate circumstances, since the jury may still return a verdict which is satisfactory to the aggrieved party.
The fact that appellate courts proscribe misconduct by trial counsel, unfortunately, does not seem to eliminate it. It is therefore of vital importance that trial judges, when objections are raised to improper argument as they were in this case, properly exercise their duties by stepping in and curbing it. If the trial court in the present case had sustained plaintiff's objection to defense counsel's *431 improper attacks on the legal profession in general, the other unfortunate remarks, on both sides, might well have not occurred. As Judge Schwartz said in Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3rd DCA 1985):
In our view, it is no longer  if it ever was  acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their own choosing....
We reverse and remand for a new trial on all issues.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Our normal procedure, when we observe conduct which we think should be reported to the bar, is to do so by letter, a fact which we point out here lest anyone think the only time we take that step is when it appears in an opinion.
[2] Spadaro v. Palmisano, 109 So.2d 418 (Fla. 2d DCA 1959) (pleadings); Tito v. Potashnick, 488 So.2d 100 (Fla. 4th DCA 1986); (evidence); Carlton v. Johns, 194 So.2d 670 (Fla. 4th DCA 1967) (inferences); Taylor v. State, 330 So.2d 91 (Fla. 1st DCA 1976) (instructions); Bew v. Williams, 373 So.2d 446 (Fla. 2nd DCA 1979) (rhetoric).